**United States District Court**
**Central District of California**
**Eastern Division**

| | |
|---|---|
| Tina York,<br><br>           Plaintiff,<br><br>     v.<br><br>Riddell, Inc., et al.,<br><br>           Defendants. | EDCV 15-02015-VAP (SPx)<br><br>**Order Denying Plaintiff's Motion to Remand; Granting Defendants' Motion to Dismiss in Part; and Denying Defendants' Motion for a More Definite Statement** |

On July 10, 2015, Plaintiff Tina York ("Plaintiff") filed an action in California Superior Court for the County of Riverside asserting three state law claims.  (Doc. No. 1-1.)  On September 30, 2015, defendants Riddell, Inc. ("Riddell") and Gunther's Athletic Service, Inc. ("Gunther's") (collectively, "Defendants") filed a Notice of Removal, removing the action to this Court. (Doc. No. 1.)

On December 28, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint and a Motion for a More Definite Statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).  ("MTD," Doc. No. 12.)

On January 19, 2016, Plaintiff filed a Motion to Remand, seeking to
return the case back to the Riverside County Superior Court.  ("MTR," Doc.
No. 13.)

After considering the papers filed in support of, and in opposition to,
the parties' motions, as well as the arguments advanced at the hearing on the
motions, the Court: (1) DENIES Plaintiff's Motion to Remand; (2) GRANTS
Defendants' Motion to Dismiss IN PART and DENIES it IN PART; and (3)
DENIES Defendants' Motion for a More Definite Statement.

## I. BACKGROUND

On July 10, 2015, Plaintiff filed a Complaint against Defendants in
Riverside County Superior Court.  ("Compl.," Doc. No. 1-1.)  In the
Complaint, Plaintiff alleged her son, Tyler Lewellen, sustained severe personal
injuries during a high school football scrimmage game on August 22, 2013.
(Id. ¶ 8.)  During the game, Lewellen was "involved in a tackle" that "resulted
in a blow to his helmet."  (Id.)  On August 28, 2013, Lewellen died as a result
of the head injury he sustained during the game.  (Id.)  Lewellen's helmet was
allegedly "designed, manufactured, and fitted by . . . Riddell and refurbished,

fitted, and/or sold by Gunther′s . . . .″  (Id.)  The Complaint claimed the defective condition of the helmet caused Lewellen′s death.  (Id. ¶¶ 9-24.) Hence, the Complaint asserted three state law claims against Defendants: (1) product liability; (2) negligence; and (3) breach of warranty.  (Id.)  The Complaint sought punitive damages as to its product liability claim.  (Id. ¶ 14.)

On September 30, 2015, Defendants filed a Notice of Removal, removing the action to this Court.  (Doc. No. 1.)  In their Notice of Removal, Defendants contended the Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a).  (Id.)  Specifically, Defendants argued that while Plaintiff was domiciled in California, Riddell was a corporate entity incorporated in Illinois, with its principal place of business in Rosemont, Illinois.  (Id. ¶ 13.)  Moreover, Defendants contended Gunther′s′ citizenship was the same as that of Riddell at the time Plaintiff filed her Complaint because Gunther′s merged with Riddell on January 12, 2012.  (Id. ¶ 15.)

On December 28, 2015, Defendants filed a Motion to Dismiss Plaintiff′s Complaint and Motion for a More Definite Statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).  (Doc. No. 12.)  In their Motion to

Dismiss, Defendants contend Plaintiff fails to state a claim for breach of warranty and also seek dismissal of Plaintiff's request for punitive damages as to her product liability claim.  (Id.)  In their Motion for a More Definite Statement, Defendants alternatively seek the Court to compel Plaintiff provide a more definite statement as to her breach of warranty claim.  (Id.)  On February 1, 2016, Plaintiff filed an Opposition to Defendants' Motions.  ("MTD Opp." Doc. No. 14.)  On February 8, 2016, Defendants filed a Reply to Plaintiff's Opposition.  ("MTD Reply," Doc. No. 16.)

On January 19, 2016, Plaintiff filed a Motion to Remand and two supporting exhibits, seeking to return this action back to the Riverside County Superior Court.  (Doc. No. 13.)  In the Motion, Plaintiff contends the Court does not have subject-matter jurisdiction over this action because complete diversity does not exist between the parties, for purposes of 28 U.S.C. § 1332(a).  (Id.)  On February 1, 2016, Defendants filed an Opposition to Plaintiff's Motion to Remand and supporting declarations by Brian P. Roche and Robert Brown.  ("MTR Opp.," Doc. No. 15, 15-1.)  Plaintiff has not filed a Reply to Defendants' Opposition.

## II. LEGAL STANDARDS

### A.    Motions to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court if the federal court has "original jurisdiction" over the matter. "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

Federal courts have original "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  Proper jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant.  Exxon Mobil Corp. v.

<u>Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005) (internal citation omitted). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1).

### B.   Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2))); <u>Bell Atl. Corp. v Twombly</u>, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  <u>See</u> <u>Doe v. United States</u>, 419 F.3d 1058, 1062 (9th Cir. 2005).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).

## C.   Motions for a More Definite Statement

Rule 12(e) provides that "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

## III. DISCUSSION

**A.      Plaintiff's Motion to Remand**

Plaintiff argues the removal of this action was improper because the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).  Specifically, Plaintiff argues the parties are not completely diverse because Gunther's and Plaintiff are both citizens of California.  (MTR at 4-5.)

Defendants respond that: (1) there is complete diversity between the parties because Gunther's ceased to exist several years before this action was filed; and (2) even assuming Gunther's is a citizen of the same state as Plaintiff, Gunther's has been fraudulently joined as a party to this action.  (MTR Opp. at 4-6.)  The Court addresses Defendants' contentions in turn.

**1.  Complete Diversity of the Parties**

**a.      The Parties' Contentions and Evidence**

The parties dispute whether they have complete diversity of citizenship.  Plaintiff contends Gunther's and Plaintiff are both citizens of California.  (MTR at 4-5.)  In support, Plaintiff submits two exhibits purportedly establishing Gunther's is an active corporation incorporated under

California law: (1) a printout from LexisNexis providing information about Gunther′s; and (2) a printout from the website of the California Secretary of State providing information about Gunther′s.  (<u>Id.</u>, Ex. 2.)

Defendants do not dispute that Gunther′s is currently an active corporation incorporated under California law.  Rather, Defendants contend Gunther′s has, for practical purposes, ″ceased to exist″ because it entered into a merger agreement with Riddell on January 12, 2012.  (MTR Opp. at 2-3.) Consequently, Defendants argue, the Court possesses diversity jurisdiction because the two remaining parties to this action – *i.e.*, Plaintiff and Riddell – are citizens of different states.  (<u>Id.</u>)

In support, Defendants present a declaration by Robert Brown, the former President of Gunther′s.  Brown states that Gunther′s was ″previously incorporated in . . . California, with its principal place of business located in Anaheim, California.″  (Brown Decl. ¶ 3.)  The company′s ″former corporate executives maintained their offices and work primarily at its principal place of business in Anaheim, California.″  (<u>Id.</u>)  Brown states that on January 12, 2012, Gunther′s sold all of its business operations to Riddell ″via asset purchase

agreement."[1] (Id. ¶ 4.)  As of this date, the company's "business activities

ceased to exist" and "all that remained of Gunther's were two shareholders . . .

and a P.O. Box."  (Id.)  At the same time, Brown states that the company's

"corporate status remains open" because, "by the terms of the asset purchase

agreement, Riddell's final payment to Gunther's will occur in February 2016."

(Id. ¶ 5.)  After this final payment is received, it will "be disbursed to [the

company's] shareholders" and the company's "corporate status will be formally

wrapped up such that it ceases to exist."  (Id.)  Hence, Brown claims that at the

time Plaintiff filed her Complaint in July 2015, Gunther's was "an entity in

name only."  (Id. ¶ 3.)


### b.   Analysis

The Court concludes complete diversity does not exist between the

parties because Plaintiff and Gunther's are both citizens of California.  Here,

Plaintiff has presented evidence showing Gunther's exists as an active

corporation incorporated under California law.  (See MTR, Ex. 2.)  Such

---

[1]      Defendants also present a declaration of Riddell's General Counsel
Brian P. Roche, which similarly avers that Riddell acquired Gunther's'
operations through an "asset purchase agreement" on January 12, 2012.
(Roche Decl. ¶ 4.)

evidence establishes Gunther's, like Plaintiff, is a citizen of California.  See 28 U.S.C. § 1332(c)(1).

Defendants have not presented evidence showing Gunther's is not a California citizen.  Citing Brown's declaration, Defendants contend Gunther's has "ceased to exist" and has merged with Riddell as a result of the January 2012 asset purchase agreement between the two companies.  Nonetheless, Brown's declaration itself belies Defendants' argument: Brown avers that the merger between Gunther's and Riddell has not yet been completed and that Gunther's still exists "on paper" as a California corporation.  (Brown Decl. ¶¶ 5, 8.)  According to Brown, Gunther's will not have formally merged with Riddell until final payment from Riddell is disbursed to Gunther's shareholders in February 2016.  (Id. ¶ 5.)  Although Brown claims Gunther's has ceased its business activities, he does not dispute that Gunther's still exists as a corporate entity independent from Riddell.[2]  (See id. ¶¶ 4-5.)

---

[2]    In their Notice of Removal, Defendants cited Meadows v. Bicrodyne Corp., 785 F.2d 670 (9th Cir. 1986), and Kolker v. VNUS, No. CV 10–00900–JF–PVT, 2010 WL 3059220 (N.D. Cal. Aug. 2, 2010).  (Notice of Removal ¶ 15.)  According to Defendants, these cases hold that "[a] company that merges into another company adopts the citizenship of the merged company for diversity purposes."  (Id.)  In their Notice of Removal,

In short, the record before the Court indicates Gunther's still exists as an independent corporate entity and is a citizen of the same state as Plaintiff. Hence, the Court concludes Defendants have not met their burden of proving complete diversity between the parties.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### 2.    Fraudulent Joinder of Gunther's

#### a.    The Parties' Contentions and Evidence

Defendants contend that even if Gunther's is a non-diverse defendant, it has been fraudulently joined to this action.  (MTR Opp. at 5-6.)  Defendants argue Plaintiff cannot state any viable claims against Gunther's because the football helmet at issue in this action was manufactured after Riddell purchased Gunther's' business operations in January 2012.  (Id. at 5-6.)

---

Defendants argued Meadows and Kolker establish that Gunther's adopted Riddell's citizenship when the two companies executed their January 2012 merger agreement.  (Id.)

The Court finds Meadows and Kolker inapposite.  Here, according to Brown, the merger between Gunther's and Riddell has not yet been completed.  (See Brown Decl. ¶ 5.)  Consequently, Gunther's has not adopted the citizenship of Riddell.

In support, Defendants present two declarations: (1) a declaration by

Riddell′s General Counsel Brian P. Roche; and (2) a declaration by Gunther′s′

former President Robert Brown.  In his declaration, Roche avers that ″Riddell

has inspected″ the allegedly defective helmet worn by Lewellen on August 22,

2013.  (Roche Decl. ¶ 8.)  Roche claims the helmet is a ″Riddell Speed

Helmet.″  (Id.)  According to Roche, the helmet ″contains a sticker placed by

Riddell that identifies the helmet as being manufactured by Riddell in March

2012, after its purchase of Gunther′s.″  (Id.)  Roche claims the helmet was

designed and manufactured exclusively by Riddell at its facilities in Illinois and

Ohio.  (Id. ¶ 9.)  Roche also states ″Gunther′s played no role whatsoever in the

design, manufacture, [sale, marketing, promotion, rent, advertisement,

distribution, refurbishing,] or preparation of any guidelines for fit/sizing″ of

the helmet.  (Id. ¶¶ 8-12.)

Brown similarly claims that he is ″informed . . . the football helmet at

issue in this litigation is a Riddell Speed Helmet that was manufactured in

March 2012, two months after Riddell′s acquisition of Gunther′s[′] assets.″

(Brown Decl. ¶ 6.)  Like Roche, Brown states ″Gunther′s played no role

whatsoever in the design, manufacture, [sale, marketing, promotion, rent, advertisement, distribution, refurbishing,] or preparation of any guidelines for fit-sizing" of the helmet because all of its business operations were purchased by Riddell two months before the helmet was manufactured.  (Id. ¶¶ 8-13.)

Plaintiff has not submitted any evidence opposing Defendants' contention that Gunther's has been fraudulently joined to this action.

### b.   Applicable Law

Removal based on a court's diversity jurisdiction is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant.  See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.  Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 (9th Cir. 1989).  The joinder of a non-diverse defendant is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction, "[i]f the plaintiff fails to

state a cause of action against the [non-diverse] defendant, and the failure is

obvious according to the settled rules of the state . . . ." Hamilton Materials,

Inc. v. Dow Chemical Co., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting

McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "It is a

commonplace that fraudulently joined defendants will not defeat removal on

diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.

1998) (internal citation omitted).


        Defendants alleging fraudulent joinder must "prove that individuals

joined in the action cannot be liable on any theory." Ritchey, 139 F.3d at 1318.

Defendants must prove fraudulent joinder by "clear and convincing evidence."

Hamilton Materials, 494 F.3d at 1206 (internal citation omitted).  Thus,

"fraudulent joinder claims may be resolved by 'piercing the pleadings' and

considering summary judgment-type evidence such as affidavits and

deposition testimony." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068

(9th Cir. 2001) (quoting favorably the Fifth Circuit's decision in Cavallini v.

State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (citations

omitted)).  Since courts must resolve all doubts against removal, a court

determining whether joinder is fraudulent "must resolve all material

ambiguities in state law in plaintiff's favor." <u>Macey v. Allstate Property and Cas. Ins. Co.</u>, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing <u>Good v. Prudential</u>, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).

"If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." <u>Id.</u>; <u>see</u> <u>also</u> <u>Good</u>, 5 F. Supp. 2d at 807 ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." <u>Plute v. Roadway Package Sys., Inc.</u>, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

### c.    Analysis

The Court concludes Defendants have met their burden of showing by "clear and convincing evidence" that Plaintiff cannot recover on her state law claims against Gunther's. <u>See</u> <u>Hamilton Materials</u>, 494 F.3d at 1206. Plaintiff cannot maintain any of her claims against Gunther's because, as Roche avers,

16

Lewellen's football helmet was manufactured two months after Riddell purchased Gunther's' business operations.  (MTR Opp. at 5-6.)  Roche, as Riddell's General Counsel, would have personal knowledge of Riddell's purchase of Gunther's' business operations, the inspection of Lewellen's football helmet by Riddell, and whether Gunther's engaged in business operations at the time Lewellen's football helmet was manufactured.  See Barthelemy v. Air Lines Pilots Assoc., 897 F.2d 999, 1017 (9th Cir. 1990) (corporate officers' "personal knowledge and competence to testify are reasonably inferred from their positions").  Moreover, Plaintiff has not presented evidence disputing Roche's and Brown's statements.

Therefore, the Court finds Defendants have met their burden of proving by "clear and convincing evidence" that Lewellen's helmet was manufactured after Gunther's ceased its business operations and that Gunther's cannot be held liable on any of Plaintiff's claims.  See Hamilton Materials, 494 F.3d at 1206.  Hence, the Court holds that, although Gunther's is a non-diverse defendant, Defendants have shown it has been fraudulently joined and that its citizenship is to be disregarded when assessing the Court's diversity jurisdiction.  See Plute, 141 F. Supp. 2d at 1008.  Given that the

parties do not dispute that the two remaining parties to this action – *i.e.*, Plaintiff and Riddell – are citizens of different states, the Court concludes it has diversity jurisdiction over this action.

Accordingly, the Court DENIES Plaintiff's Motion to Remand this action for lack of subject-matter jurisdiction.

**B.      Defendants' Motions to Dismiss and for a More Definite Statement**

In their Motion to Dismiss, Defendants contend the Complaint fails to allege sufficient facts supporting a claim for breach of warranty and punitive damages.  (MTD at 4-16.)  In their Motion for a More Definite Statement, Defendants alternatively move to compel Plaintiff to provide a more definite statement as to her breach of warranty claim.[3]  (Id.)  The Court addresses Defendants' contentions below.

---

[3]      The Court DENIES Defendants' Motion for a More Definite Statement as moot because it dismisses Plaintiff's breach of warranty claim.

### 1.    Plaintiff's Breach of Warranty Claim

Defendants argue Plaintiff's breach of warranty claim, whether based on an express or implied warranty,[4] must be dismissed because Plaintiff fails to allege privity of contract between Plaintiff and Defendants.[5]  (MTD at 6-7.)

"As a general rule, privity of contract is a required element of [a] . . . breach of warranty cause of action." Fieldstone Co. v. Briggs Plumbing Products, Inc., 54 Cal. App. 4th 357, 369 (1997) (citing Burr v. Sherwin Williams Co., 42 Cal.2d 682, 695 (1954) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a

---

[4]     The Complaint's breach of warranty claim appears to allege Defendants breached both express and implied warranties.  (Compl. ¶¶ 23-24.)  Defendants argue the Complaint fails to state a claim for breach of implied warranty because it fails to allege privity of contract between Plaintiff and Defendants.  (MTD at 6-7.)  In support, Defendants cite cases holding privity of contract is required for *both* breach of express and implied warranty claims.  (Id.)

[5]     Defendants also contend that to the extent Plaintiff asserts a breach of express warranty claim, it must be dismissed because the Complaint fails to: (1) allege Lewellen's football helmet was purchased in "new" condition; (2) specify the exact terms of the claimed express warranty; and (3) allege Defendants made an express warranty in a "written statement."  (MTD at 4-6.)

subsequent purchaser who is in no way a party to the original sale.")).  There are several exceptions to the privity requirement, including "cases involving foodstuffs" or in cases in which "the purchaser relied on representations made by the manufacturer in labels or advertising material."  <u>Burr</u>, 42 Cal.2d at 696.  Thus, to state a claim for breach of express or implied warranty, a plaintiff must allege privity or one of the recognized exceptions to the general rule.  <u>Margarita Cellars v. Pacific Coast Packaging, Inc.</u>, 189 F.R.D. 575, 580 (N.D. Cal. 1999) (dismissing warranty claim based on plaintiff's failure to allege privity or a recognized exception).

The Court concludes the Complaint fails to state either an express or implied breach of warranty claim because it fails to plead either privity of contract between Plaintiff and Defendants, or facts demonstrating an exception to the privity requirement.  Indeed, while the Complaint claims Lewellen "obtained the helmet [at issue] . . . for use during high school football practices, scrimmages, and games," <u>see</u> Compl. ¶ 11, it does not specify whether Lewellen or Plaintiff actually purchased the helmet from and entered into privity of contract with Defendants.  The Complaint also fails to allege any facts demonstrating an exception to the privity requirement.

Consequently, the Complaint fails to state a claim for either breach of express or implied warranty.  See Briggs Plumbing Products, Inc., 54 Cal. App. 4th at 369.

Accordingly, the Court GRANTS Defendants′ Motion to Dismiss, insofar as Defendants seek dismissal of Plaintiff′s claim for breach of warranty.

### 2.    Plaintiff′s Request for Punitive Damages

Defendants argue the Complaint′s request for punitive damages on its product liability claim must be dismissed because the Complaint does not plead sufficient supporting facts.  (MTD at 8-16.)  In support of its request for punitive damages, the Complaint alleges Defendants acted with malice, fraud, and oppression and authorized or ratified such acts, but does not provide any facts supporting these allegations.  (Compl. ¶ 14.)

California Civil Code section 3294(a) authorizes recovery of punitive damages if there is clear and convincing evidence that the defendant has been guilty of ″oppression, fraud, or malice.″  Shade Foods v. Innovative Products Sales & Marketing, Inc., 78 Cal. App. 4th 847, 890–91 (2000).  In California

state courts, a plaintiff must plead facts to support the conclusion that the

defendant acted with malice, fraud, or oppression in order to state a claim for

punitive damages under Cal. Civ. Code § 3294(a).  See Smith v. Superior

Court, 10 Cal. App. 4th 1033, 1041 (1992) (dismissing a claim for punitive

damages when the complaint was "devoid of any factual assertions supporting

a conclusion petitioners acted with oppression, fraud or malice").  Defendants

maintain the Complaint's request for punitive damages must be dismissed

because the Complaint has not pleaded facts showing Defendants acted with

malice, fraud, or oppression, under Section 3294.  (MTD at 8-16.)


"Federal district courts sitting in diversity apply the substantive law of

the forum state, but apply procedural rules as stated in the Federal Rules of

Civil Procedure."  Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1183-84

(E.D. Cal. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

Various federal district courts within the Ninth Circuit have held California

Civil Code section 3294's pleading requirements constitute "a state procedural

rule not implicated" in federal court.  See Rees v. PNC Bank, N.A., 308 F.R.D.

266, 273 (N.D. Cal. 2015) (internal quotation marks and citation omitted);

Taheny v. Wells Fargo Bank, N.A., No. 10-2123, 2011 WL 1466944, at *4

(E.D. Cal. Apr. 18, 2011); <u>Bledea v. Indymac Fed. Bank</u>, No. 09-1239, 2010

WL 715255, at *13 (E.D. Cal. Feb. 25, 2010).  Moreover, these courts have

held, "[a]lthough Section 3294 provides the governing substantive law for

punitive damages, California's heightened pleading standard irreconcilably

conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the

provisions governing the adequacy of pleadings in federal court." <u>Clark v.</u>

<u>Allstate Ins. Co.</u>, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000).  The Court

finds these authorities persuasive and applies the pleading standards set forth

in the Federal Rules of Civil Procedure when assessing the sufficiency of

Plaintiff's request for punitive damages.


Under Federal Rule of Civil Procedure 9(b), "malice, intent, knowledge,

and other conditions of the mind may be alleged generally." Fed. Rule. Civ. P.

9(b).  Moreover, the Ninth Circuit has held plaintiffs need not plead "any

particularity in connection with an averment of intent, knowledge or condition

of the mind." <u>In re GlenFed Sec. Litig.</u>, 42 F.3d 1541, 1547 (9th Cir. 1994) (*en*

*banc*), <u>superseded by statute on other grounds as stated in</u> <u>SEC v. Todd</u>, 642

F.3d 1207, 1216 (9th Cir. 2011).  Hence, "in federal court, a plaintiff may

include a 'short and plain' prayer for punitive damages that relies entirely on

unsupported and conclusory averments of malice or fraudulent intent." Clark,

106 F. Supp. 2d at 1019; see also Alejandro v. ST Micro Elecs., Inc, No. 15-

01385, 2015 WL 5262102, at *11 (N.D. Cal. Sept. 9, 2015); Somera v. Indymac

Fed. Bank, FSB, No. 09-1947, 2010 WL 761221 at *10 (E.D. Cal. Mar. 3, 2010)

("Under federal pleading standards, defendant's argument that plaintiff must

plead specific facts to support allegations for punitive damages is without

merit.").

 

     In light of these authorities, the Court rejects Defendants' argument

that Plaintiff must plead additional facts in support of her request for punitive

damages.  Under the Federal Rules of Civil Procedure, Plaintiff is permitted to

present a request for punitive damages on her product liability claim relying

"entirely on unsupported and conclusory averments of malice or fraudulent

intent." See Alejandro, 2015 WL 5262102, at *11 (internal citation and

quotation marks omitted).

 

     Accordingly, the Court DENIES Defendants' Motion to Dismiss,

insofar as Defendants seek dismissal of Plaintiff's request for punitive damages

on her product liability claim.

**C.    Leave to Amend is Granted**

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  A district court, however, may in its discretion deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (internal citation and quotation marks omitted).

Here, Plaintiff has not engaged in undue delay, manifested bad faith, or had any prior opportunities to amend her complaint.  In addition, amendment would not cause undue prejudice to Defendants nor would it be clearly futile.  Hence, the Court GRANTS Plaintiff leave to amend to remedy the deficiencies discussed above.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this action is DENIED, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and Defendants' Motion for a More Definite Statement is DENIED as MOOT.

The Court GRANTS Plaintiff LEAVE TO AMEND.  Plaintiff shall file an amended complaint, if any, by March 21, 2016.

**IT IS SO ORDERED.**

Dated:    2/23/16                          _____
                                                         Virginia A. Phillips
                                                   United States District Judge